# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

Maurice Sonier,
Plaintiff,
v.
Officer Matthews, in his individual capacity;
Houston Police Department;
City of Houston;
and Harris County, Texas,
Defendants.

United States Courts
Southern District of Texas
FILED

DEC 0 1 2025

Nathan Ochsner, Clerk of Court

Civil Action No.: _____
JURY TRIAL DEMANDED

# PLAINTIFF'S ORIGINAL COMPLAINT

(42 U.S.C. § 1983 – Civil Rights Action)

Plaintiff, by and through this Complaint, alleges as follows:

# I. INTRODUCTION

This is a civil rights action arising from the unlawful detention, excessive force, retaliation, and wrongful mental-health/disability transport of Plaintiff by Officer Matthews of the Houston Police Department ("HPD").

On June 19, 2025, Plaintiff attempted to speak with an officer regarding a delivery issue. Instead of addressing Plaintiff's concerns, Officer Matthews escalated the encounter, used intimidation, refused to activate his body-worn camera, physically injured the Plaintiff, falsely detained

Plaintiff for "trespassing," and then—without legal justification—*ordered* Plaintiff transported to a mental-health and disability facility.

The conduct was retaliatory, punitive, discriminatory, and in violation of the United States Constitution and the Americans with Disabilities Act. The City of Houston and Harris County are liable for maintaining policies, practices, customs, and failures in training and supervision that enabled and caused these violations.

## II. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events at issue occurred in Houston, Texas.

## III. PARTIES

4. **Plaintiff** is an individual residing in Harris County, Texas.
5. **Defendant Officer Matthews** is a police officer employed by the Houston Police Department and is sued in his **individual capacity**.
6. **Defendant Houston Police Department (HPD)** is a municipal law-enforcement entity operating under the City of Houston.
7. **Defendant City of Houston** is a municipal entity and may be served through its City Attorney.
8. **Defendant Harris County** is a governmental entity responsible for county-level law enforcement and detention practices.

## III. SERVICE OF PROCESS

9. **Officer Matthews** may be served through the Houston Police Department – Personnel Division:
   **Houston Police Department**
   **Personnel Division**
   **1200 Travis Street**
   **Houston, TX 77002**
10. **Houston Police Department (HPD)** shall be served through the City of Houston, via the City Attorney:
    **City of Houston – Legal Department**

      **900 Bagby Street**
      **Houston, TX 77002**
11. **City of Houston** may be served through either:
      **City Attorney**
      **900 Bagby Street**
      **Houston, TX 77002**
      OR
      **Office of the Mayor**
      **901 Bagby Street**
      **Houston, TX 77002**
12. **Harris County** may be served by serving the Harris County Judge:
      **Harris County Judge Lina Hidalgo**
      **1001 Preston Street, Suite 911**
      **Houston, TX 77002**

# IV. FACTUAL ALLEGATIONS

## A. Initial Encounter

13. On June 19, 2025, around 4:30 p.m., Plaintiff approached Officer Matthews to discuss a delivery issue.
14. Officer Matthews responded aggressively, made a statement that Plaintiff perceived as threatening, and refused to activate his body camera despite repeated requests.

## B. Plaintiff Backed Away Voluntarily

15. Feeling unsafe, Plaintiff walked backwards several yards and exited the building.
16. At no time did any officer instruct Plaintiff to leave.

## C. Force Used Outside the Building

17. Officer Matthews pursued Plaintiff outside and used physical force.
18. Plaintiff was pushed into a concrete pillar.
19. Officer Matthews twisted Plaintiff's wrist with significant force, causing injury.
20. Plaintiff received **no medical attention** despite reporting pain.

## D. False Detention for "Trespassing"

21. Plaintiff was told he was being detained for trespassing, even though:

- Plaintiff had already left voluntarily,

- Plaintiff was never told to leave, and
- No lawful basis existed for a trespassing allegation.

22. Officers later admitted this was not about trespassing and was meant to "send a message" that "you don't mess with the police."

### E. Wrist Twisting and Fall During Escort

23. While escorting Plaintiff to the security office, Officer Matthews continued twisting Plaintiff's wrist.
24. Plaintiff fell to the ground due to pain.
25. Only after Plaintiff fell did Officer Matthews activate his body camera.

### F. Threatened Arrest and Wrongful Transport

26. Plaintiff was told he was under arrest and would be taken to Harris County Jail.
27. Instead, without cause, Plaintiff was transported to a **mental-health and disability facility**, despite showing:

- no signs of mental crisis,
- no threatening behavior,
- no disability-related issue, and
- no grounds for detention.

### G. The Incident Was Retaliatory

28. Plaintiff was cooperative and repeatedly asked to leave voluntarily.
29. Officers admitted the detention was punitive in nature.

# V. CAUSES OF ACTION

## COUNT 1 – Fourth Amendment: Unlawful Detention and False Arrest

(Against Officer Matthews, HPD, City of Houston)

30. Defendants violated Plaintiff's Fourth Amendment rights by detaining Plaintiff without probable cause or reasonable suspicion.

## COUNT 2 – Fourth Amendment: Excessive Force

(Against Officer Matthews)

31. The pushing, wrist twisting, and causing Plaintiff to fall constituted excessive and unreasonable force.

## COUNT 3 – First Amendment Retaliation

(Against Officer Matthews, HPD, City of Houston)

32. Plaintiff was retaliated against for attempting to file a report and requesting body-camera activation.

## COUNT 4 – Fourteenth Amendment: Due Process Violations

(Against All Defendants)

33. Transporting Plaintiff to a mental-health/disability facility without lawful basis violated substantive due process rights.

## COUNT 5 – Americans with Disabilities Act (ADA Title II)

(Against City of Houston and Harris County)

34. Plaintiff was subjected to discriminatory misuse of mental-health protocols and disability-related detainment procedures.

## COUNT 6 – Monell Liability

(Against City of Houston and Harris County)

35. Plaintiff's injuries were caused by official policies, customs, or failures to train regarding:

- body camera activation,
- retaliatory detentions,
- misuse of mental-health transports,
- excessive force,
- supervision failures.

# VI. DAMAGES

Plaintiff seeks:

- compensatory damages (physical, emotional, reputational)
- punitive damages against Officer Matthews
- attorney's fees under 42 U.S.C. § 1988
- costs of suit
- any further relief the Court deems proper

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable.

# VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment against Defendants for all damages available under law, including punitive damages, attorney fees, and declaratory relief.

Respectfully submitted,
/s/ Maurice Sonier
Maurice Sonier
Pro Se
4027 Dappled Trail
Humble, Texas 77346
Email: sonierlaw@gmail.com

12/01/2025



# CITY OF HOUSTON

**Houston Police Department**
1200 Travis   Houston, Texas 77002-6000   713/308-1600

John Whitmire, Mayor

CITY COUNCIL MEMBERS:  Amy Peck   Tarsha Jackson   Abbie Kamin   Carolyn Evans-Shabazz, Ed.   Fred Flickinger   Tiffany D Thomas   Mary Nan Huffman   Mario Castillo
Joaquin Martinez   Edward Pollard   Martha Castex-Tatum   Julian Ramirez   Willie Davis   Twila Carter   Letitia Plummer, DDS.   Sallie Alcorn       CITY CONTROLLER:   Chris Hollins



July 18, 2025

J. Noe Diaz, Jr.
Chief of Police

Maurice Sonier
710 E 33rd Unit A
Houston, TX 77022
**RE: Issue Record #63138-2025**

Dear Mr. Sonier,

Your complaint has been received through the Internal Affairs Division's intake section and has been assigned Issue Record #63138-2025. For your information, the Internal Affairs Division is located at 1200 Travis, Suite 2001, Houston, Texas 77002. Our main phone number is 713-308-8900.

I have been assigned the complaint for investigation and may be contacted directly at 713-308-8970. My office hours are Monday through Friday between the hours of 8:00 A.M. and 4:00 P.M.

I will be contacting you later as the investigation is being conducted. Once the investigation has been completed, the department will contact you and notify you of the results. Please use the aforementioned Issue Record number in all future inquiries regarding this complaint.

A. Jimenez, Sergeant
Internal Affairs Division

